CHARLES HAMAD & another[1] *vs.* HENRY J. MANUEL & another.[2] No. 87-443. August 31, 1988. *Contract,* Sale of real estate, Offer and acceptance, What constitutes.

The plaintiffs sought and, on a motion for summary judgment under Mass.R.Civ.P. 56(a), 365 Mass. 824 (1974), were granted specific enforcement of what they alleged was a binding contract for the purchase of rental property in Cambridge. The document in question is not on its face a purchase and sale agreement but, rather, an offer to purchase form signed by the plaintiffs (as buyers) and by the defendants (the owners) in a space provided for a written acceptance. One of the terms stated in the offer form is that "[t]he parties hereto shall, on or before 2 P.M. 3-25-1985 execute

---

[1] Mark P. Weisberg.

[2] Ann W. Manuel.

the Standard Purchase and Sale Agreement recommended by the Greater Boston Real Estate Board or any form substantially similar thereto, which, when executed, shall be the agreement between the parties hereto."

We have said recently that "language looking to execution of a final written agreement justifies a strong inference that significant items on the agenda of the transaction are still open, and hence, that the parties do not intend to be bound." *Goren* v. *Royal Invs. Inc.*, 25 Mass. App. Ct. 137, 140 (1987), and cases cited. Such an inference was borne out to a considerable extent by the deposition testimony of one of the owners to the effect (or from which an inference could properly be drawn) that their acceptance of the offer established tentative agreement on the most significant terms of the proposed sale but that the binding contract would be the purchase and sale agreement referred to in the quoted clause. It was possible to infer from the materials submitted by the parties on summary judgment that agreement had not been reached as to other significant commercial terms, e.g., a mortgage financing contingency.

"The weighing of inferences, sometimes conflicting, based upon the circumstances, to determine whether a contract for the sale of real estate has come into existence usually raises a question to be resolved by the trier of fact." *Nelsen* v. *Rebello, ante* 270, 272 (1988), citing *Kinchla* v. *Welsh*, 8 Mass. App. Ct. 367, 370 (1979). For this reason it was error to rule as matter of law that the accepted offer was in effect a purchase and sale agreement. The judge ruled correctly (on the defendants' cross-motion for summary judgment) that the defendants were not entitled to judgment as matter of law.

A reference to signing a particular form of purchase and sale agreement would in some factual circumstances justify an inference that the parties had agreed on all material points and "anticipated only a routine formality." *Blomendale* v. *Imbrescia*, 25 Mass. App. Ct. 144, 145 (1987). In that case a reference to signing "your usual real estate agreement," there being no such "usual" agreement, coupled with later disagreement between the parties as to the terms of that agreement, was held not to warrant an inference that the accepted offer form constituted a binding contract (without necessarily requiring it). In *Nelsen* v. *Rebello, supra* at 272, it was similarly held that a provision of the accepted offer form stating that the buyer would sign "the sellers' 'usual purchase and sale agreement' did not, in the circumstances, create a compelling inference requiring the trial judge to decide in the buyer's favor."

*Judgment reversed.*
*Case remanded for trial.*

*Wm. Shaw McDermott* for the defendants.
*Kevin F. Moloney* (*Steven M. Singer* with him) for the plaintiffs.